THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
TERRANCE GERARD STANTON,        *
                                *
     Petitioner,                *
                                *
     v.                         *    CV 615-064
                                *    (Formerly CR 612-018)
UNITED STATES OF AMERICA,       *
                                *
     Respondent.                *
```

**O R D E R**

On April 17, 2017, this Court dismissed Petitioner's motion brought pursuant to 28 U.S.C. § 2255. On August 3, 2018, this Court denied Petitioner's motion to reconsider the Order of April 17, 2017 under Federal Rule of Civil Procedure 60(b)(2). (Doc. 47.) In fact, the Court had earlier denied Petitioner's motion for reconsideration under Rule 59(e), which was based on the same grounds. (Doc. 40.)

At present, Petitioner has appealed from this Court's Order of August 3, 2018, denying his Rule 60(b)(2) motion. He seeks a Certificate of Appealability. The Court has now reviewed Petitioner's so-called "new evidence" of ineffective assistance of counsel on two occasions and twice determined that he suffered no prejudice thereby.[1] (See Docs. 40 & 47.)

---

[1] In fact, the Eleventh Circuit Court of Appeals denied Petitioner's motion for a Certificate of Appealability from this Court's initial denial of his § 2255 motion, which

In reviewing his claim once again, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. His motion for the issuance of a Certificate of Appealability (doc. 51) is therefore **DENIED**. See 28 U.S.C. § 2253(c)(1)(B). Consequently, his motion to proceed in forma pauperis on appeal (doc. 52) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of September, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

included the same ineffective assistance of counsel claim. (Doc. 41.) The Eleventh Circuit then denied Petitioner's motion for reconsideration, and the United States Supreme Court denied his petition for writ of certiorari. (Docs. 42 & 43.)