**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **CR 612-018** |
| | **)** | |
| **TERRANCE GERARD STANTON** | **)** | |
| | **)** | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Terrance Gerard Stanton requests that this Court reduce his sentence; however, it is unclear whether he is requesting a reduction under 18 U.S.C. § 3582(c) or for compassionate release based upon the recently passed First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018).  (Doc. 1386.)  Either way, this Court should deny the request.  First, there is no vehicle under § 3852(c) by which Stanton can obtain a sentence reduction.  Second, as to compassionate release, Stanton fails to demonstrate he exhausted his administrative remedies or to present circumstances justifying such extraordinary relief.  Therefore, the United States respectfully requests that this Court deny Stanton's motion.

**Factual Background**

In July 2013, Stanton was convicted at trial of conspiracy to distribute several types of controlled substances, as well as multiple distribution and telephone counts. (PSR ¶¶ 1-5.)  The presentence investigation report (PSR) assessed a total offense level of 41 and a criminal history category of II, resulting in an advisory guideline range of 360 months' to life imprisonment.  (PSR ¶¶ 31, 39, 59.)  This Court sentenced

him to life imprisonment on the conspiracy count, 20-years' imprisonment on the distribution count, and four years' imprisonment on each of the telephone counts. (Doc. 951.)  His convictions and sentences were affirmed on appeal.  *See United States v. Stanton*, 589 F. App'x 477 (11th Cir. 2014) (mem.).

In October 2015, this Court reduced Stanton's sentence on the conspiracy count to 365 months' imprisonment, as a result of retroactive amendments to the sentencing guidelines.  (Doc. 1185.)  Stanton's collateral challenge to his conviction under 28 U.S.C. § 2255 was denied.  *See Stanton v. United States*, No. CV 615-064, 2017 WL 977504 (S.D. Ga. Jan. 9, 2017).

Stanton is currently incarcerated at Edgefield FCI in Edgefield, South Carolina with a projected release date of August 16, 2039.

## Legal Analysis

### I.   Section 3582(c) does not authorize the Court to reduce Stanton's sentence.

First, to the extent that Stanton is asking this Court to either modify its original judgment, or otherwise reduce his sentence, 18 U.S.C. § 3582(c) and Federal Rule of Criminal Procedure 35 are the only methods, in this particular case, by which the Court could possible modify its already imposed sentence.[1]  The exceptions for modifying a judgment are extremely narrow, and Stanton meets none of them here.[2]

---

[1] The legal avenues by which a court may modify a final judgment are narrow and rare.  *See United States v. Stossel*, 348 F.3d 1320, 1321-22 & n.2 (11th Cir. 2003) (discussing statutes and rules authorizing modification).

[2] For example, the Bureau of Prisons has not filed a motion asking for a reduction due to Stanton's age and circumstances, *see* 18 U.S.C. § 3582(c)(1)(A), the

*See* 18 U.S.C. §§ 3582(b), (c)(1)(B) & (c)(2); Fed. R. Crim. P. 35; *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").  He also fails to cite any federal statute, case, or rule of criminal procedure that would allow this Court to reduce his sentence.  As such, this Court is without jurisdiction to modify Stanton's sentence under § 3582(c).  *See United States v. Castra*, 152 F. App'x 777, 781 (11th Cir. 2005) (discussing limited circumstances in which district court may modify sentence).

## II.     Stanton fails to meet the requirements for compassionate release.

### A. *Statutory Background*

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

---

government has not filed a Rule 35 motion, *see id*. § 3582(c)(1)(B), and Stanton's advisory Guideline range has not been lowered again by a retroactive amendment, *see id*. § 3582(c)(2).  The time limit for correcting the sentence due to "arithmetical, technical, or other clear error" has passed.  *See* Fed. R. Crim. P. 35(a).

3553(a) to the extent that they are applicable, if it finds that—

(i)   extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." The relevant policy statement of the Commission is binding on the Court. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).[3]

---

[3] Prior to the passage of the First Step Act, while the Commission policy statement was binding on the Court's consideration of a motion under § 3582(c)(1)(A), such a motion could only be presented by BOP. The First Step Act added authority for an inmate himself to file a motion seeking relief, after exhausting administrative remedies, or after the passage of 30 days after presenting a request to the warden, whichever is earlier.

Under the law, the inmate does not have a right to a hearing. Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See Dillon,* 560 U.S. at 827-28 (observing that, under Rule 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Critically, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release.  *See United States v. Wilkes*, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)).  The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)    Medical Condition of the Defendant.—
>
> (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

There is no right to counsel with respect to a motion for compassionate release under 18 U.S.C. § 3582(c).  *See United States v. Webb*, 565 F.3d789, 794 (11th Cir. 2009) (holding there is no constitutional right to counsel under similar § 3582(c)(2) proceeding requesting sentence reduction).

  (ii)  The defendant is—

    (I)  suffering from a serious physical or medical condition,

    (II)  suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances.—

  (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

For its part, consistent with note 1(D), BOP promulgated Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, amended effective January 17, 2019, to set forth its evaluation criteria.

    In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *See United States v. Heromin*, No. 11-550, 2019 WL

6

2411311, at *2 (M.D. Fla. June 7, 2019) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).  As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, No. 15-3764, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019) (citations omitted).

### B. Stanton did not demonstrate that he first exhausted his administrative remedies and he fails to allege qualifying medical conditions.

Stanton mostly contends he received an unjustly long prison sentence which should be reduced.  His request for compassionate release should be denied because he has not established he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or that 30 days has lapsed from the receipt of such a request by the warden of the Stanton's facility.  *See United States v. Dowlings*, No. CR 413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) ("Defendant has not shown that he requested compassionate release from the Bureau of Prisons or exhausted his administrative remedies.").  Moreover, the statute and the Guidelines commentary make clear that compassionate release for extraordinary and compelling reasons is limited to medical, elderly or family circumstances.   Because Stanton failed to demonstrate an exhaustion of administrative remedies or to allege any qualifying medical reasons, this Court should deny his motion.

As noted above, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a court, upon a motion of the Director of BOP or the defendant, to modify a term of imprisonment if it finds "extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  Title 28, United States Code, Section 994(t) provides the authority for the Sentencing Commission to define the meaning of "extraordinary and compelling reasons" under § 3582(c)(1)(A).  Section 994(t) explicitly states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  U.S.S.G. § 1B1.13, application note 1, defines "extraordinary and compelling reasons" to encompass three categories: (1) medical condition of the defendant, (2) age of the defendant, (3) family circumstances.

A fourth category, "other reasons" is left specifically to the determination of the Director of BOP.  *See* U.S.S.G. § 1B1.13, app. n. 1(D).  As such, under the plain language of § 1B1.13, the district court is without authority to determine "other extraordinary and compelling reasons" outside of the situations in application note 1 (A) through (C).  However, recognizing the discretion given to BOP under subsection (D), the court also may look to the grounds set forth in the relevant BOP regulation governing compassionate release, which appears at Program Statement 5050.50, available at <ins>https://www.bop.gov/policy/progstat/5050_050_EN.pdf</ins>, amended effective January 17, 2019 in response to the First Step Act.[4]  *See United States v. Lynn*, No. , 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (disagreeing that under the First Step Act, court may include, under U.S.S.G. § 1B1.13, app. n.1(D), additional extraordinary and compelling reasons apart from BOP's determination).  While BOP's regulations may provide more detail regarding implementation of the grounds

---

[4] Hereafter referred to as "PS 5050.50."

8

contained in application note 1 (A) through (C), they still limit "extraordinary or compelling circumstances" to specific medical circumstances, elderly inmates (either 70 years old with 30 years or more of service, or 65 years old with qualifying medical conditions), death or incapacitation of the family member caregiver, or incapacitation of a spouse or registered partner. *See* PS 5050.50 at 3-12.

Stanton, who has the burden to justify release, alleges no medical conditions in support, let alone qualifying medical conditions. He does not claim that he is suffering from a terminal illness. *See* § 1B1.13, app. n.1(a)(i). Nor does he establish that he is suffering from a serious physical medical condition, a serious functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process, any of which substantially diminish his ability to provide self-care within the environment of the correctional facility and from which he is not expected to recover. *See* § 1B1.13, app. n.1(A)(ii). Stanton does not qualify under § 1B1.13(B) because he is not 65 years old. (PSR at 6.) Moreover, he does not provide evidence regarding the death or the incapacitation of the caregiver of his minor children, or that he would be the only available caregiver for an incapacitated spouse or registered partner. *See* § 1B1.13, app. n.1(C)(i)-(ii). Finally, none of his stated reasons are extraordinary or compelling under BOP's regulations. *See* PS 5050.50 at 3-19.

Instead, under the auspices of the compassionate release statute, Stanton attempts to relitigate his sentence in order to argue for a sentence reduction. But his failure to allege a qualifying medical condition is fatal to his claim. *See United States*

*v. Bryant*, No. 497-182 (S.D. Ga. Oct. 2, 2019) (order denying motion for compassionate release based on reasons stated in government's response, including that defendant failed to allege qualifying medical condition).   Therefore, this Court is without jurisdiction to reduce Stanton's sentence under § 3582(c)(1)(A) and § 1B1.13, and his motion should be denied.

## Conclusion

For the foregoing reasons, the United States respectfully requests that Defendant's motion for a sentence reduction (Doc. 1386) be denied.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*//s// Justin G. Davids*
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

10

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court. Additionally, a copy has been mailed to:

Terrance Gerard Stanton, Reg. No. 17790-021
FCI Edgefield
Federal Correctional Institution
Inmate Legal Mail
P.O. Box 725
Edgefield, South Carolina

This November 25, 2019.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***/s/ Justin G. Davids***
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422