IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-018-17 |
| | * | |
| TERRANCE GERARD STANTON | * | |

# O R D E R

Defendant Terrance Gerard Stanton has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Stanton's request for relief.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note

to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).

In this case, Stanton claims to have a qualifying medical condition, i.e., sickle cell anemia. He also claims to have "hyperbilirubinemia, elevated creatine kinase, and a disease of blood forming organs unspecified." (Def.'s Mot., Doc. 1448, at 1.) Stanton claims that these conditions, in conjunction with the potential adverse effects to him should he contract COVID-19, place him in extraordinary and compelling circumstances warranting early release. Indeed, there are certain medical conditions that "can make [a person] more likely to get severely ill from COVID-19." See Centers for Disease Control & Prevention, *Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on April 29, 2021). While sickle cell anemia is on this list, Stanton's inmate medical records show that he does not have sickle cell anemia; rather, he has the sickle cell trait. (See generally, Gov't Resp. in Opp'n, Doc. 1449, at 10-17 & Ex.

2

A.)[1] As the Government explains, people with the sickle cell trait usually do not have any of the symptoms of sickle cell disease. (Id. at 12-13 (cited sources omitted)). Moreover, hyperbilirubinemia is not on the list. To the extent that his medical records mention his creatine level and an unspecified blood disease on a single occasion, the note is unspecific and certainly does not indicate that these conditions are life-threatening or compromising. (See id., Ex. A, at 18.) In fact, the medical note indicates that Stanton's creatin level is probably elevated due to recent intense exercise regimen. (Id.)

Importantly, Stanton already contracted COVID-19 on March 25, 2021, and it was considered resolved on April 5, 2021 following quarantine. (Id. at 96.) On April 8, 2021, however, Stanton experienced chest pain and shortness of breath and was taken to a hospital, where an EKG and CT chest scan were negative. Stanton was cleared by cardiology and returned to prison on April 11, 2021. (Id. at 3-4.) A medical assessment on April 11, 2021 shows that Stanton did not have chest pain or shortness of breath or any other medical issue. (Id. at 4.)

Through his motion, Stanton uses this incident and his alleged medical conditions to contend that he is particularly susceptible to adverse effects from the COVID-19 virus. He iterates throughout

---

[1] Upon due consideration, the Court **GRANTS** the Government's motion to seal (doc. 1450) Stanton's inmate medical records attached as Exhibit A to its response in opposition.

3

his motion that the prison is not properly monitoring him and is providing only minimal care. He concludes that he should be released from prison in order to receive proper medical care.[2]

Upon consideration of the medical records and the briefs of the parties, the Court is unconvinced that Stanton has carried the burden of showing that his circumstances are sufficiently extraordinary and compelling to warrant immediate release. In fact, the medical records show that Stanton is receiving proper medical care and in no way indicate that he suffers from any inability to care for himself. Also, as of April 29, 2021, FCI Coleman Low had no active COVID cases among staff or inmates. https://www.bop.gov/coronavirus/index.jsp (last visited on April 29, 2021). Further, FCC Coleman has fully inoculated 510 staff members and 1896 inmates. Id. Accordingly, Stanton's risk of future exposure to COVID-19 has been significantly diminished.

Even if Stanton's medical status presented extraordinary and compelling circumstances, the Court retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against

---

[2] To the extent that Stanton is challenging the conditions of his confinement or asserting a claim of deliberate indifference to medical care, he must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983 in the district of his confinement.

reducing his sentence to time served. Stanton was involved in a large-scale drug distribution organization, and he was attributed with at least 8.09 kilograms of powder cocaine and 403 grams of crack cocaine. (Presentence Investigation Report ¶ 14.) During at least six recorded phone calls, Stanton described regularly carrying a gun. (Id. ¶¶ 10, 23.) This Court originally sentenced him to life imprisonment, and while his sentence was later reduced to 365 months, Stanton still has over seventeen years remaining on his sentence. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

In conclusion, having determined that Stanton has not presented extraordinary and compelling reasons to justify release and that reducing his sentence at this time would not be consistent with the statutory purposes of sentencing, Defendant Terrance Gerard Stanton's motion for compassionate release (doc. 1448) is **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of May, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA